IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR399 |
| | ) | |
| V. | ) | |
| | ) | |
| BRENT F. ENGLEHART, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Suppress Evidence (filing 16). For the reasons explained below, the undersigned will recommend that the motion be granted.

### BACKGROUND

On June 29, 2014, Omaha Police Officer Troy Liebe ("Officer Liebe") observed Defendant, operating a Chevy Avalanche, traveling westbound on I-80 in Omaha, Nebraska. Officer Liebe initiated a traffic stop of Defendant for following too closely behind another vehicle. A camera in the police cruiser recorded the stop. However, no audio of the stop is available because the recording device in the cruiser was not working and Officer Liebe's microphone was not charged.

Officer Liebe approached Defendant's vehicle, introduced himself, explained the reason for the traffic stop, and asked for Defendant's license and registration. At that time, Officer Liebe noticed a strong odor of air freshener from inside Defendant's vehicle. Officer Liebe asked Defendant where he was headed, and Defendant responded he was going hiking in Wyoming. Officer Liebe asked Defendant to sit in the patrol car while he prepared a written warning for the traffic violation. Defendant complied. As Officer Liebe was filling out paperwork, he asked Defendant a series of questions. In response to these questions, Defendant told Officer Liebe that he was going hiking in Wyoming, but he was not sure where. Defendant said he did not know exactly how long he planned to stay in Wyoming,

but he guessed probably about a week or two. Defendant further informed Officer Liebe that he worked as a hotel clerk, and that he had to be back at work the following week, although he had previously told Officer Liebe that he planned to be in Wyoming a week or two.

Officer Liebe completed the warning citation, handed it to Defendant, along with Defendant's documents, and told Defendant he was "good to go." As Defendant reached for the door of the patrol car, Officer Liebe asked Defendant whether he could ask him another question. Defendant agreed. At that time, Officer Liebe explained his responsibility to watch for persons smuggling drugs and large amounts of cash on the interstate. Officer Liebe asked Defendant whether he was involved in criminal activity or had anything illegal in his vehicle. Defendant denied being involved in any illegal activities and told Officer Liebe that he did not have any illegal items in his vehicle. Officer Liebe felt that Defendant was agitated by his questions, and he asked Defendant if he could search his vehicle. Although Officer Liebe never received a direct response from Defendant regarding his request to search, he interpreted Defendant's subsequent statements and annoyed demeanor as a refusal. Then, Officer Liebe told Defendant that he intended to use his police dog, which was in the patrol car, to conduct an exterior sniff of Defendant's vehicle. Officer Liebe called for back-up prior to conducting the sniff, because he felt he could not safely conduct this procedure without assistance.

Within a couple of minutes of Defendant's refusal to consent to the search of his vehicle, and while waiting for back-up to arrive, Officer Liebe explained to Defendant that he was not concerned with a personal use quantity of marijuana or with paraphernalia. Officer Liebe stated that if all Defendant had in the vehicle was personal use marijuana, he would confiscate the drug and let Defendant go. At that time, Defendant admitted to having a gram or two of marijuana in the vehicle and told Officer Liebe that the marijuana was in the center console of his vehicle.

When the back-up officer arrived on scene, Officer Liebe began searching Defendant's vehicle. Officer Liebe located a small amount of hash in the center console of Defendant's vehicle. After finding the hash, Officer Liebe continued to search and, in doing so, located a toolbox containing $351,360. Officer Liebe then returned to the patrol car and arrested Defendant for possession of hash.

Officer Liebe and the assisting officers took Defendant and his vehicle to the Omaha Police Impound Facility. Omaha Police Officer Edith Anderson ("Officer Anderson") and Omaha Police Sergeant Steve Worley ("Sergeant Worley") advised Defendant of his *Miranda* rights, following which Defendant agreed to answer questions. Defendant signed a disclaimer of ownership regarding the cash recovered from his vehicle. In response to a question on the form about how the currency came into his possession, Defendant wrote "5-7 years off selling weed." Defendant also signed a permission to search form for two cell phones and a laptop recovered in his vehicle. Following the interview, Defendant and his vehicle were both released. Defendant was not charged with any crimes at that time, but was told the investigation was ongoing. On November 18, 2014, Defendant was indicted on multiple counts, including a forfeiture count.

On February 6, 2015, Defendant filed a motion to suppress evidence, asking that the Court suppress the $351,360.00 that was removed from his truck, as well as all statements he made subsequent to his seizure and formal questioning by police officers. A hearing on the matter was held before the undersigned on both March 4 and March 19, 2015.

## DISCUSSION

Defendant raises multiple issues regarding the legality of the search and seizure. The precise grounds for Defendant's motion are, to some degree, unclear. However, to the extent that alleged grounds for exclusion were eluded to at the hearing on this matter, but not specifically included in the motion to suppress or directly raised in the briefing on the motion, they will not be addressed herein.

Defendant asserts that he was unlawfully detained. It does not appear that Defendant's unlawful detainment argument is based upon the legitimacy of the initial traffic stop. Rather, Defendant seemingly argues that Officer Liebe did not have reasonable suspicion to detain him once he was told he was "good to go." Having heard the evidence, the undersigned concludes that after Officer Liebe told Defendant he was free to leave, Defendant agreed to answer additional questions. Therefore, at that point, the encounter between the two of them was consensual. *See United States v. Munoz*, 590 F.3d 916, 921 (8th Cir. 2010) (stating that if following a traffic stop, the encounter becomes consensual, "it

3

is not a seizure, the Fourth Amendment is not implicated, and the officer is not prohibited from asking questions unrelated to the traffic stop or seeking consent to search the vehicle"). However, the consensual nature of the encounter changed once Defendant resisted Officer Liebe's desire to conduct a discretionary sniff of the vehicle. *United States v. Jones*, 269 F.3d 919, 925 (8th Cir. 2001) (finding that a person is seized within the meaning of the Fourth Amendment "a reasonable person would have believed that he was not free to leave"). Therefore, Defendant was seized within the meaning of the Fourth Amendment at that time.

The United States Supreme Court recently made clear that absent reasonable suspicion, a police officer's extension of a traffic stop in order to conduct a dog sniff violates the Fourth Amendment. *Rodriguez v. United States*, 575 U.S. - - - -, - - - S.Ct. - - - -, - - - L.Ed.2d - - - -, 2015 WL 1780927 (Apr. 21, 2015). Whether the particular facts known to the officer amount to a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances. *See United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1995). Here, Plaintiff contends that reasonable suspicion for Defendant's renewed detention arose from the following circumstances: (1) There was a strong odor of air freshener from the vehicle; (2) Defendant appeared to have been traveling continuously, based on the items Officer Liebe observed in the vehicle; (3) Defendant said he was making a solo cross-country trip in an uneconomical vehicle, and was going so on a hotel clerk's salary; (4) Defendant was traveling between Pennsylvania and Wyoming, and Officer Liebe was aware that Colorado is a source state for drugs while Pennsylvania is a destination state; (5) Defendant gave vague and contradictory answers to Officer Liebe's questions about travel plans, such as where in Wyoming Defendant was going and how long he would stay; and (6) Defendant, although not nervous, appeared unusually agitated and angry when asked simple questions.

The undersigned concludes that the combination of the factors outlined by Plaintiff does not generate reasonable suspicion to warrant Defendant's continued detention. The grounds for Defendant's detention, even when taken together, are consistent with innocent travel and entirely plausible under the circumstances. *See United States v. Beck*, 140 F.3d 1129, 1138 (8th Cir. 1998) (finding no reasonable suspicion where the defendant was nervous, traveling from a drug source state to a drug demand state, the police officer disbelieved the defendant's explanation for his trip, and there were fast-food wrappers in the defendant's vehicle); *United States v. Guerrero*, 374 F.3d 584, 590 (8th Cir. 2004) (finding

4

no reasonable suspicion resulted from the defendant's use of air fresheners).  Although the Court finds Officer Liebe credible as to his observations during the traffic stop, these observations do not support a finding of reasonable suspicion.  *See Beck*, 140 F.3d at 1137 ("[I]t is impossible for a combination of wholly innocent factors to combine into a suspicious conglomeration unless there are concrete reasons for such an interpretation").

Based on the lack of reasonable suspicion, all statements made by Defendant after he resisted Officer Liebe's desire to conduct a discretionary sniff, as well as the physical evidence obtained thereafter, should be suppressed.[1]

Accordingly,

**IT IS HEREBY RECOMMENDED** to District Court Judge Joseph Bataillon that Defendant's Motion to Suppress Evidence (filing 16) be granted in its entirety.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.  Failure to timely object may constitute a waiver of any objection.

**DATED May 7, 2015.**

> **BY THE COURT:**
>
> S/ F.A. Gossett
> **United States Magistrate Judge**

---

[1] Also pending before the Court is Defendant's Motion to Dismiss Indictment (filing 19).  At the hearing on the Motion to Suppress, defense counsel stated: "I filed a motion to dismiss the indictment because the cop admitted that basically the only thing they have is this uncorroborated extrajudicial statements.  However, they have a right to present their case and it may be that between now and the time this case went to court, if it got that far, they could come up with something other than his statements so I'm not going to ask you to rule in my favor on that."  (Filing 38 at CM/ECF pp. 47-48.)  Given this statement, the undersigned deems Defendant's Motion to Dismiss withdrawn.