IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:14CR399** |
| vs. | | |
| BRENT F. ENGLEHART, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on the government's objection, Filing No. 44, to the findings and recommendation of the magistrate judge, Filing No. 43, (F&R) granting defendant's motion to suppress, Filing No. 16.  The Indictment charges the defendant in Count I with conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; in Count II with attempt to possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1); in Count III with traveling in interstate commerce with the intent to perform an act to distribute the proceeds of such unlawful activity in violation of 18 U.S.C. § 1952(a)(1) and (a)(3); in Count IV with conducting a financial transaction which represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and forfeiture in violation of 21 U.S.C. § 853. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects.  *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record including the transcript of the suppression hearing, Filing Nos. 32 and 38, and determines it will adopt the findings and recommendation of the magistrate judge.

The government in its objections, Filing No. 44, agrees with the recitation of the facts contained in the findings and recommendation, pages 1-3, Filing No. 43. The government also agrees that the traffic stop became a consensual encounter when defendant agreed to stay and answer questions, and that reasonable suspicion was required to detain defendant at the end of the consensual phase of the stop. Filing No. 44, at 3-4. The Court has reviewed the hearing transcript and likewise agrees that the facts as outlined by the magistrate judge are essentially accurate. Therefore, the Court will adopt the following findings of fact:

> On June 29, 2014, Omaha Police Officer Troy Liebe ("Officer Liebe") observed Defendant, operating a Chevy Avalanche, traveling westbound on I-80 in Omaha, Nebraska. Officer Liebe initiated a traffic stop of Defendant for following too closely behind another vehicle. A camera in the police cruiser recorded the stop. However, no audio of the stop is available because the recording device in the cruiser was not working and Officer Liebe's microphone was not charged.

> Officer Liebe approached Defendant's vehicle, introduced himself, explained the reason for the traffic stop, and asked for Defendant's license and registration. At that time, Officer Liebe noticed a strong odor of air freshener from inside Defendant's vehicle. Officer Liebe asked Defendant where he was headed, and Defendant responded he was going hiking in Wyoming. Officer Liebe asked Defendant to sit in the patrol car while he prepared a written warning for the traffic violation. Defendant complied. As Officer Liebe was filling out paperwork, he asked Defendant a series of questions. In response to these questions, Defendant told Officer Liebe that he was going hiking in Wyoming, but he was not sure where. Defendant said he did not know exactly how long he planned to stay in Wyoming, but he guessed probably about a week or two. Defendant further informed Officer Liebe that he worked as a hotel clerk, and that he had to be back at work the following week, although he had previously told Officer Liebe that he planned to be in Wyoming a week or two.

> Officer Liebe completed the warning citation, handed it to Defendant, along with Defendant's documents, and told Defendant he was "good to go." As Defendant reached for the door of the patrol car, Officer Liebe

asked Defendant whether he could ask him another question. Defendant agreed. At that time, Officer Liebe explained his responsibility to watch for persons smuggling drugs and large amounts of cash on the interstate. Officer Liebe asked Defendant whether he was involved in criminal activity or had anything illegal in his vehicle. Defendant denied being involved in any illegal activities and told Officer Liebe that he did not have any illegal items in his vehicle. Officer Liebe felt that Defendant was agitated by his questions, and he asked Defendant if he could search his vehicle. Although Officer Liebe never received a direct response from Defendant regarding his request to search, he interpreted Defendant's subsequent statements and annoyed demeanor as a refusal. Then, Officer Liebe told Defendant that he intended to use his police dog, which was in the patrol car, to conduct an exterior sniff of Defendant's vehicle. Officer Liebe called for back-up prior to conducting the sniff, because he felt he could not safely conduct this procedure without assistance.

Within a couple of minutes of Defendant's refusal to consent to the search of his vehicle, and while waiting for back-up to arrive, Officer Liebe explained to Defendant that he was not concerned with a personal use quantity of marijuana or with paraphernalia. Officer Liebe stated that if all Defendant had in the vehicle was personal use marijuana, he would confiscate the drug and let Defendant go. At that time, Defendant admitted to having a gram or two of marijuana in the vehicle and told Officer Liebe that the marijuana was in the center console of his vehicle.

When the back-up officer arrived on scene, Officer Liebe began searching Defendant's vehicle. Officer Liebe located a small amount of hash in the center console of Defendant's vehicle. After finding the hash, Officer Liebe continued to search and, in doing so, located a toolbox containing $351,360. Officer Liebe then returned to the patrol car and arrested Defendant for possession of hash.

Officer Liebe and the assisting officers took Defendant and his vehicle to the Omaha Police Impound Facility. Omaha Police Officer Edith Anderson ("Officer Anderson") and Omaha Police Sergeant Steve Worley ("Sergeant Worley") advised Defendant of his *Miranda* rights, following which Defendant agreed to answer questions. Defendant signed a disclaimer of ownership regarding the cash recovered from his vehicle. In response to a question on the form about how the currency came into his possession, Defendant wrote "5-7 years off selling weed." Defendant also signed a permission to search form for two cell phones and a laptop recovered in his vehicle. Following the interview, Defendant and his vehicle were both

3

released. Defendant was not charged with any crimes at that time, but was told the investigation was ongoing. On November 18, 2014, Defendant was indicted on multiple counts, including a forfeiture count.

On February 6, 2015, Defendant filed a motion to suppress evidence, asking that the Court suppress the $351,360.00 that was removed from his truck, as well as all statements he made subsequent to his seizure and formal questioning by police officers. A hearing on the matter was held before the undersigned on both March 4 and March 19, 2015.

Filing No. 43 at 1-3.

**DISCUSSION**

### A. Findings of the Magistrate Judge

The magistrate judge determined that the legitimacy of the initial stop was not in question. He further determined that Officer Liebe told the defendant he was free to leave, and thereafter the defendant agreed to answer an additional question. The magistrate judge found the stop at this point to still be consensual. *See United States v. Munoz,* 590 F.3d 916, 921 (8th Cir. 2010) (stating that if following a traffic stop, the encounter becomes consensual, "it is not a seizure, the Fourth Amendment is not implicated, and the officer is not prohibited from asking questions unrelated to the traffic stop or seeking consent to search the vehicle"). This changed, said the magistrate judge, once defendant did not acquiesce to further being detained for a discretionary sniff of the vehicle. *United States v. Jones*, 269 F.3d 919, 925 (8th Cir. 2001) (finding that a person is seized within the meaning of the Fourth Amendment if "a reasonable person would have believed that he was not free to leave"). Accordingly, the magistrate judge concluded that defendant was seized at that time once Officer Liebe decided to do the search.

4

The magistrate judge found that the alleged reasons for the "reasonable suspicion":  the air freshener, defendant had been traveling continuously, defendant was making a solo cross-country trip in an uneconomical vehicle, and was doing so on a hotel clerk's salary, that defendant was traveling from Pennsylvania to Wyoming while passing through the drug state of Colorado, that defendant gave contradictory answers to his travel plans, regarding where he would be in Wyoming and how long he would stay, and defendant appeared agitated and angry when asked simple questions.  The magistrate judge concluded that these factors in combination did not generate reasonable suspicion to justify continued detention.  *See United States v. Beck*, 140 F.3d 1129, 1138 (8th Cir. 1998) (finding no reasonable suspicion where the defendant was nervous, traveling from a drug source state to a drug demand state, the police officer disbelieved the defendant's explanation for his trip, and there were fast-food wrappers in the defendant's vehicle); *United States v. Guerrero*, 374 F.3d 584, 590 (8th Cir. 2004) (finding no reasonable suspicion resulted from the defendant's use of air fresheners or the combination of air fresheners, defendant's nervousness, inconsistent details of trip deemed part of a  language barrier, and information from EPIC); *See Beck*, 140 F.3d at 1137 ("[I]t is impossible for a combination of wholly innocent factors to combine into a suspicious conglomeration unless there are concrete reasons for such an interpretation") (citation omitted). Accordingly, the magistrate judge suppressed all statements made by the defendant after he resisted Officer Liebe's request to conduct a drug sniff as well as the physical evidence associated with the search.

**B.  Government's Objections**

The government objects and makes the following arguments.   First, the combination of factors did support a reasonable suspicion of criminal activity so as to warrant further detention, contends the government.  Second, the government argues that the physical evidence and the statements should not be suppressed.  Third, the government contends that Officer Liebe had probable cause to search the vehicle, once the defendant admitted to having marijuana in the car, arguing that the statement occurred during the course of the traffic stop, in the nature of a *Terry* stop, so no *Miranda* warnings were required.  *See United States v. Pelayo-Ruelas*, 345 F.3d 589, 592-93 (8th Cir. 2003). In the alternative, the government argues that even if *Miranda* warnings were required, a *Miranda* violation does not justify the suppression of physical evidence that is the fruit of that interrogation. *United States v. Morgan*, 729 F.3d 1086, 1091 (8th Cir. 2013).   Finally, the government concludes that even if reasonable suspicion is lacking, suppression should not apply as this was a de minims intrusion, relying on *United States v. Suitt*, 569 F.3d 867 (8th Cir. 2009) (sniff conducted within three minutes after traffic stop concluded was de minimus extension not requiring Fourth Amendment justification); *United States v. Alexander*, 448 F.3d 1014, 1017 (8th Cir. 2006) (no constitutional violation where "detention was extended some four minutes from the point at which [the defendant] was notified that he would receive a warning ticket to the point at which the dog sniff was completed"); *United States v. Robinson*, 455 F.3d 832, 833-34 (8th Cir. 2006) (noting the Court had "upheld seizures of less than ten minutes as de minimus intrusions that do not amount to an unreasonable seizure").

The government argues that although *Rodriguez* recently abrogated this Eighth Circuit precedent, the officer's conduct was in accordance with binding precedent at that time. *Rodriguez v. United States*, 135 S.Ct. 1609 (2015). The government contends that "[t]he pertinent analysis of deterrence and culpability is objective, not an inquiry into the subjective awareness of arresting officers. We have already held that our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances." *Herring v. United States*, 555 U.S. 135, 145 (2009).

Likewise, argues the government, a similar issue arose in the Eleventh Circuit, where a search of a vehicle had been held in compliance with the law in that Circuit at that time. *Davis v. United States*, 131 S.Ct. 2419, 2428-29 (2011). During this time period, the Supreme Court determined that that such a vehicle search was invalid. *See Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710 (2009). The Supreme Court in *Davis* had to determine whether the exclusionary rule should apply. The Court stated:

> About all that exclusion would deter in this case is conscientious police work. Responsible law-enforcement officers will take care to learn "what is required of them" under Fourth Amendment precedent and will conform their conduct to these rules. *Hudson*, 547 U.S., at 599, 126 S.Ct. 2159. But by the same token, when binding appellate precedent specifically *authorizes* a particular police practice, well-trained officers will and should use that tool to fulfill their crime-detection and public-safety responsibilities. An officer who conducts a search in reliance on binding appellate precedent does no more than "'ac[t] as a reasonable officer would and should act'" under the circumstances. *Leon*, 468 U.S., at 920, 104 S.Ct. 3405 (quoting *Stone*, 428 U.S., at 539–540, 96 S.Ct. 3037 (White, J., dissenting)). The deterrent effect of exclusion in such a case can only be to discourage the officer from "'do[ing] his duty.'" 468 U.S., at 920, 104 S.Ct. 3405.

> That is not the kind of deterrence the exclusionary rule seeks to foster. We have stated before, and we reaffirm today, that the harsh sanction of exclusion "should not be applied to deter objectively reasonable law enforcement activity." *Id.*, at 919, 104 S.Ct. 3405. Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule.

Davis, 131 S.Ct. at 2429.  *See also*, *United States v. Hunter*, 770 F.3d 740 (8th Cir. 2014) (wherein Eighth Circuit upheld a hallway canine sniff later found by the United States Supreme Court to be a Fourth Amendment violation under *Florida v. Jardines*, 133 S.Ct. 1409 (2013).  The Eighth Circuit, however, determined that there was no basis to suppress the evidence as the officers relied on previously binding precedent. *Hunter*, 770 F.3d at 743.)

Finally, the government contends that this evidence was a product of inevitable discovery, as (1) there is a reasonable probability the evidence would have been discovered by lawful means in the absence of police misconduct, and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation. *Munoz*, 590 F.3d 916, 923. In support, the government argues that a positive indication by the K-9 would have produced probable cause to search.  *United States v. Carrazco*, 91 F.3d 65, 67 (8th Cir. 1996); *United States v. Longbehn*, 898 F.2d 635, 640 (8th Cir. 1990).

### C.  Defendant's Response

The defendant responds arguing that *Rodriguez* applies to this case. He further states that this time delay was not de minimus, as 27 minutes occurred during the detention while Officer Leibe asked questions. As noted by the defendant, the *Rodriguez* court determined that seven or eight minutes was not de minimus. Finally,

defendant argues there was no reasonable suspicion and the subsequent search and later statements are illegal. The officer told him he was "good to go" and then asked if defendant would answer one more question. The officer then asked him a series of questions and then clearly detained him.

### D. Court Analysis

The United States Supreme Court recently stated that absent either probable cause or reasonable suspicion, a police officer's extension of a traffic stop in order to conduct a dog sniff violates the Fourth Amendment. *Rodriguez*, 135 S.Ct. 1609. The government concedes that Officer Liebe detained the defendant. The Court generally agrees that Officer Liebe complied with the Eighth Circuit interpretation at that time, now overruled, that he could detain the defendant for a de minimus amount of time.

The difference in this case, however, is that the officer told defendant he was free to leave. In fact, after asking numerous, numerous questions, Officer Leibe unlawfully detained the defendant. There is no doubt that the defendant did not feel he was free to leave. *See Jones*, 269 F.3d at 926. Defendant indicated he did not want his car searched, and the Officer understood the same. This encounter at that point in time was not consensual. There existed no reasonable suspicion, based on the facts outlined above, to permit the detention of the defendant. The extended investigative detention was unsupported by a reasonable, articulable suspicion that criminal activity was afoot and, therefore, violated defendant's Fourth Amendment right to be free from unreasonable seizure. Further, although the government argues the stop was short and only constituted an extra few minutes, the defendant argues, and the government does not refute that the detention was approximately 30 minutes. This is not de minimus.

9

For all these reasons, the Court finds that a reasonably well trained officer would have known that this particular search was illegal. *See Herring*, 555 U.S. at 145. The evidence obtained in this case is tainted as a result of this unlawful detention and should have been suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484–86, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

THEREFORE, IT IS ORDERED THAT:

    1.  The defendant's motion to suppress, Filing No. 16, is granted;

    2.  The government's objections, Filing No. 44, are overruled; and

    3.  The findings and recommendation of the magistrate judge, Filing No. 43, is adopted in its entirety.

Dated this 22nd day of May, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge